IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ABDOLRAHIM SHARIFAN §<br>  *Plaintiffs,* §<br> §<br>v. §<br> §<br>SUZETTE SHARIFAN §<br>  *Defendant* § | CIVIL ACTION NO.: 5:19-cv-566 |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT AND REQUEST TO COMPEL ARBITRATION

NOW COMES Plaintiff, Abdolrahim Sharifan, ("Abdee") and seeks a Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure to determine a question of actual controversy between the parties. Plaintiff further seeks to Compel Arbitration as to the issues subject to arbitration pursuant to 9 U.S.C. § 4, Tex. Civ. Prac. & Code § 171.021 and appointment of an arbitrator pursuant to 9 U.S.C. § 5, complaining of the Suzette Sharifan ("Suzette"), and in support hereof would show:

### A. PARTIES

1.  Plaintiff, Abdolrahim Sharifan is a citizen of the state of Texas.

2.  Defendant, Suzette Sharifan is a citizen of the state of Utah. Suzette may be served at her residence at 5050 Charenton Cove, Ogden, Utah 84403.

### B. JURISDICTION

3.  This Court has jurisdiction over the complaint under 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest, costs (also, since this is an action for Declaratory Judgment and the underlying claims exceed $75,000.00.). Additionally, this Court has jurisdiction over the complaint under 28 U.S.C. § 1331, as this is an action under the laws of the United Sates, specifically, 28 U.S.C. § 2201.

4.      Venue is proper in the United States District Court for the Western District of Texas, pursuant to 28 U.S.C. 1391 because a substantial part of the events or omission giving rise to the claims asserted herein occurred within this judicial district.

## C.  FACTS

5.      This dispute involves a Utah Divorce Decree final judgment (the "Decree") from February 28, 2012 which has been fully performed as between the parties except for a single paragraph (paragraph (d) on page 3 of the Decree) which assigns to Defendant a specifically described interest in a Texas litigation matter (the "Texas Litigation") brought by Plaintiff herein against certain Texas defendants identified herein as the "Metro & Yazdani Defendants")[1]. The Texas Litigation was prolonged and expensive, involving multiple trials and an appeal to the Fourteenth Court of Appeals.[2]

6.      Based on the final decision of the Fourteenth Court of Appeals in the Texas Litigation and in anticipation of her desired participation of the payout from the Texas Litigation, on March 5, 2019 Defendant Suzette Sharifan filed her Notice of Filing Foreign Judgment in the 37th Judicial District Court, Bexar County, Texas[3], which purported to domesticate the Decree, and more specifically to collect on Suzette Sharifan's purported rights as set forth in paragraph (d) of page 3 of the Decree[4]. That provision, which is the only provision of the Decree not yet satisfied, assigned to Suzette Sharifan certain rights as defined in paragraph (d) of the Decree in relation to the collection of monies from the Texas Litigation.  The Texas Litigation ultimately resulted in a favorable judgment in favor of Abdolrahim Sharifan, Plaintiff herein, of approximately $21 million dollars, including interest, attorney fees and costs.

---

[1] The "Metro & Yazdani Defendants" are more specifically defined in the Decree as including the following two cases which were eventually consolidated: Metro Hospitality Management, LLC vs. Abdee Sharifan, Civil No. 200971319 in Harris County, Texas and Abdee Sharifan vs. Shabahram Yazdani-Beioky, civil no. 200979757 in Harris County, Texas.
[2] Exhibit "A" is a copy of the Mandate issued by the Fourteenth Court of Appeals in regard to Case No. 14-15-00702-CV, from the appeal of the consolidated Case No 2009-71319, dated March 8, 2019.
[3] Exhibit "B".
[4] Exhibit "1" to Exhibit "B" is a copy of the Decree, which for purposes herein is referenced as Exhibit "B-1".

7. The relevant part of the Decree[5] states:

> (d) With respect to respondent's 40% interest in Metro Hospitality Partners, respondent will pay petitioner one-half of any amounts received by him from Metro Hospitality Partners by way of distribution, dividend, sale, through any lawsuits, or otherwise, after respondent has received repayment of his $3 million investment, and after payment of attorneys' fees and litigation costs and expenses. This includes the following cases: Metro Hospitality Management, LLC vs. Abdee Sharifan, civil no. 200971319 in Harris County, Texas and Abdee Sharifan vs. Shabahram Yazdani-Beioky, civil no. 200979757 in Harris County, Texas.

8. During the same time period that Suzette Sharifan was domesticating her claim under the Decree in the 37th District Court in Bexar County[6], a different lawyer (Mark Goranson) also working for Suzette Sharifan was attempting to rewrite any logical meaning of the paragraph (d) of the Decree by arguing that Suzette Sharifan should be able to avoid the contingency legal fee contract that Abdolrahim Sharifan had executed with Lloyd Kelley as his lawyer, and, instead, to only pay approximately $1.6 million attorney fees as awarded by the trial court, plus the $3.0 million return of investment to Abdolrahim Sharifan, with a total net deduction of approximately $4,764,950 from the total recovery of the Texas Litigation.[7] The letter further assumes (without articulating why) Suzette Sharifan should receive half of Abdolrahim Sharifan's recovery from the Texas Litigation.

9. However, as a party to the Texas Litigation, Abdolrahim Sharifan had litigated for nearly ten years through multiple fee agreements with his attorney Lloyd Kelley[8]. The last such fee agreement allowed for a 40% contingency "of any settlement

---

[5] The Exhibit "B" Notice of Filing Foreign Judgment in Bexar County attached to such notice as Exhibit "1" or Exhibit "B-1" herein, a full copy of the Utah Decree, and more specifically paragraph 4(d) on page 3 of the Decree with the language as recited in the text of this Complaint.
[6] Exhibit "B"
[7] Exhibit "D" Goranson letter to Abdolrahim Sharifan's counsel, Lloyd Kelley.
[8] Exhibit "C"

or recovery or other value made or created if the firm does not engage in appellate work" or a 45% contingency "of any settlement or recovery or other value made or created if the firm is engages [sic] in appellate work". (Exhibit "C").

10. If Plaintiff Abdolrahim Sharifan were to suffer the calculation as proposed by Suzette Sharifan's demand letter of March 19, 2019, either Lloyd Kelley would receive far less than he expected under his Contingency Fee Agreement[9] or Abdolrahim Sharifan would have to pay not only his portion of the legal fees but also the portion of the legal fees attributable to the monies collected to which Suzette Sharifan has made a claim under the Decree.

11. Moreover, Suzette Sharifan's demand as authored by attorney Goranson assumes that she is entitled to any monies collected from the Texas Litigation, regardless of which parties were found liable and which were not, and which parties paid.  Contrary to Suzette Sharifan's demands and implicit assumptions, the Decree actually states in relevant part: "respondent [Abdolrahim Sharifan] will pay petitioner one-half of any amounts **received by him from Metro Hospitality Partners** (emphasis added). . . ." Metro Hospitality Partners was found not liable to Abdolrahim Sharifan and the claims against Metro Hospitality Partners were entirely denied.  Abdolrahim Sharifan's only recovery under the Texas Litigation was against Shabahram Yazdani-Beioky, not Metro Hospitality.  Nowhere in the decree does it state that Abdolrahim Sharifan is required to pay Suzette Sharifan any money whatsoever as a result of an award against the underlying defendant Shabahram Yazdani-Beioky.

12. To add a slight additional complexity to this dispute, the Lloyd Kelley contingency fee agreement includes a reference to expenses which reasonable minds could dispute, and a broad form Binding Arbitration provision as set forth in Section VIII of the Contingency Fee Agreement (Exhibit "C"). The Lloyd Kelley contingency fee

---

[9] Exhibit "C"

agreement was executed by both Lloyd Kelley and by Abdolrahim Sharifan, and counsel for Abdee Sharifan.  However, such fee agreement includes a blank line space for signature by Suzette Holiday Sharifan, but such contingency fee agreement was apparently never executed by Suzette Sharifan.  Until very recently, Abdolrahim (a/k/a "Abdee") Sharifan was completely unaware of the apparent fact that Suzette Sharifan had failed to execute the Kelley contingency fee agreement.

13. Regardless, the Decree appoints, Abdolrahim Sharifan, not Suzette Sharifan, as the person authorized to pursue the Texas Litigation. She did not have control over the Texas Litigation as per the Decree, as she relied on the pursuit of the Texas Litigation by Abdolrahim Sharifan as provided for under the Decree, and is making a claim to the proceeds of the Texas Litigation based on over ten years of work by the Lloyd Kelley law firm and by Abdolrahim Sharifan. The contingency fee agreement includes a requirement for "Cooperation of Client(s)" but rather than cooperate, Suzette Sharifan refused to testify at trial in support of the claims against the Texas Litigation defendants, and, in fact, cooperated with the ultimate judgment debtor in the Texas Litigation: Shabahram Yazdani-Beioky.  The cooperation is so extensive that both Yazdani-Beioky and Suzette Sharifan use the same lawyer: Mike O'Brien.

14. In addition to the issues of (i) attorney fees; (ii) attorney reimbursable expenses; and (iii) whether payment by Yazdani-Beioky constitutes payment by a different party (Metro Hospitality Partners), the Decree also provides that before calculating Suzette Sharifan's share, if any, Abdolrahim Sharifan is entitled to first having "received repayment of his $3 million investment, and after payment of attorneys' fees and litigation costs and expenses."  To maintain his interest and protect his claims, Abdolrahim Sharifan invested approximately $1.0 million in additional monies so that he could ultimately emerge victorious in the Texas Litigation.  Though unsuccessful against Metro Hospitality Partners, Abdolrahim Sharifan was successful against Yazdani-Beioky, and currently holds a liquidated claim of approximately $21.0 million.

15. Plaintiff Abdolrahim Sharifan and his counsel, Lloyd Kelley, believed it most efficient to move to compel arbitration in the 37th district court which was already pending in Bexar County. As a result Lloyd Kelley filed a Motion to Compel Arbitration[10] in which Plaintiff herein (Abdolrahim Sharifan) joined, but Suzette Sharifan objected to such arbitration. Suzette Sharifan was invited to participate in such arbitration as a party in order to fairly establish the correct legal fees and expenses so that a court could utilize such decision, in addition to deciding the other issues in dispute between the parties as reference above, to provide a single decision in a single court.

16. Again, to Plaintiff Abdolrahim Sharifan's surprise, Suzette Sharifan resisted and objected to the Motion to Compel Arbitration. Based on Suzette Sharifan's objection[11], the 37th District Court ruled that it could not compel arbitration because it lacked jurisdiction[12]. Suzette Sharifan should be bound to the duty to arbitrate and has been invited to participate to assure that her interests in the result of the arbitration are properly protected. Based on the incorporation by reference in the Decree of the attorney fees incurred by Abdolrahim Sharifan and her notice of the terms of the contingency fee agreement, Suzette Sharifan should be bound to the results of the arbitration and/or to participate in the arbitration based on incorporation by reference, assumption, agency, equitable estoppel and as a third party beneficiary. Her claim is derivative in nature from the rights of Abdolrahim Sharifan and as such must be bound to the same contingency fee agreement as is Abdolrahim Sharifan and Lloyd Kelley who undertook and continued to pursue the litigation as contemplated under the Decree.

## D. CAUSES OF ACTION

17. Based on the actions of Suzette Sharifan, Plaintiff asserts the following causes of action within the jurisdiction of this court:

---

[10] Exhibit "E" copy of Kelley Motion to Compel Arbitration filed in the 37th District Court.
[11] Exhibit "F".
[12] Exhibit "G".

1.  <u>Count 1 Suit for Declaratory Judgment</u> - Plaintiff incorporates the paragraphs, above, in furtherance of its plea that actual controversies exist as to the rights and legal relations between the Plaintiff and the Defendant, including whether or not the Defendant has an interest under the Decree (paragraph (d)) in any portion of the Award under the Texas Litigation, and if so, what is the portion to which Suzette Sharifan is entitled; and upon that decision issue a declaratory judgment action pursuant to 28 USC § 2201-02.

2.  <u>Count 2 Suit to Compel Arbitration and Appoint an Arbitrator</u> - Plaintiff incorporates the paragraphs, above, in furtherance of its pleas that he has been aggrieved by Defendant's failure, neglect, or refusal to allow arbitration between the parties and as such Plaintiff may petition any United States District Court to Compel Arbitration pursuant to 9 U.S.C. § 4, as the dispute involves interstate commerce as between Utah and Texas. The dispute or at least portions of the dispute should be compelled to arbitration under the Texas Arbitration Act.   Plaintiff further requests the appointment of an arbitrator pursuant to 9 U.S.C. § 5.

## E.  **REQUEST DECLARATORY JUDGMENT**

18.  Pursuant to 28 U.S.C. § 2201, Plaintiffs seek a judgment of this Court declaring Defendant, Suzette Sharifan has no interest in the Texas Litigation award from Shabahram Yazdani-Beioky to Abdolrahim Sharifan, or if so, to establish that interest and the calculation of attorney fees and expenses by also incorporating the award in arbitration as to the amount of attorney fees and expenses.

19.  Plaintiff ask that upon the trial hereof that Plaintiff be awarded reasonable attorney's fees, costs, and such other and further relief as they may show themselves justly entitled.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court will enter judgment declaring that Defendant has no interest in the Texas Litigation award or, in the alternative, if Defendant does have interest, Compel Arbitration between the parties and determine the remaining issues not decided by the arbitration. Plaintiff also requests all other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

**PAGEL, DAVIS & HILL, P.C.**

*/s/ Martyn B. Hill*
_____
MARTYN B. HILL
State Bar No. 09647460
Federal Bar No. 13806
MICHAEL A. HARRIS
State Bar No. 24046030
1415 Louisiana Street, 22nd Floor
Houston, Texas 77002
Telephone:   713-951-0160
Facsimile:    713-951-0662
eservice@pdhlaw.com
**ATTORNEYS FOR PLAINTIFF**
